UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHH MORTGAGE CORPORATION,

                Plaintiff,

-against-

DAVID BROWN, et al.,

                Defendants.

**ORDER**

25-CV-00747 (PMH)

PHILIP M. HALPERN, United States District Judge:

    PHH Mortgage Corporation ("Plaintiff") initiated this action on January 24, 2025. (Doc. 1). Plaintiff filed an amended pleading on February 5, 2025 (the "Amended Complaint"), seeking to foreclose on a mortgage encumbering the property identified as 25 Innis Avenue, Poughkeepsie, New York 12601 (the "Subject Property"). (Doc. 14). The mortgage was executed by Defendants David and Maria Brown (together, "Individual Defendants"). (*Id.*). Plaintiff also named the New York State Department of Taxation and Finance ("NYSDOTF") and the Secretary of Housing and Urban Development ("HUD," and, together with NYSDOTF and the Individual Defendants, "Defendants") as "necessary party defendants," due to their subordinate interests in the Subject Property. (*See* Doc. 14 ¶¶ 5-6).

    On June 5, 2025, a Clerk's Certificate of Default was entered against each of the Defendants. (Docs. 49-52). On July 7, 2025, the Court, on motion by Plaintiff, ordered Defendants to show cause why default judgment should not be entered against them. (Docs. 53-55, 57-58). On July 24, 2025, HUD filed a response to the order to show cause requesting a *nunc pro tunc* extension of time to file an Answer. (Doc. 61, "HUD Opp."). Neither the Individual Defendants nor the NYSDOTF filed any response to the order to show cause. Plaintiff did not file any reply or opposition to the HUD Opp.

1

The Court construes Defendant HUD's response as both opposition to the pending motion for default judgment and as a cross-motion under Federal Rule of Civil Procedure 55(c) to vacate entry of the Clerk's Certificate of Default. *See Otter Prods., LLC v. Jones*, No. 22-CV-07861, 2023 WL 2368975, at *1 (S.D.N.Y. Mar. 6, 2023).

## STANDARD OF REVIEW

"[A] motion to file a late answer is closely analogous to a motion to vacate a default" since "the party seeking to answer is given the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had then moved under Rule 55(c) to set it aside." *Graves v. Corr. Med. Serv.*, No. 11-CV-01005, 2015 WL 1823456, at *2 (W.D.N.Y. Apr. 22, 2015), *aff'd*, 667 F. App'x 18 (2d Cir. 2016). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Caleb & Brown Pty. Ltd. v. Thompson*, No. 20-CV-08612, 2021 WL 4226183, at *2 (S.D.N.Y. Sept. 16, 2021) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (alteration omitted)). "Good cause under Rule 55(c) should be construed generously, and the dispositions of motions for entries of defaults and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case." *Id.* (internal quotation marks and alterations omitted). "In determining whether to vacate a default . . . the Court must consider three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* (quoting *Del Med. Imaging Corp. v. CR Tech USA, Inc.*, No. 08-CV-08556, 2010 WL 1487994, at *4

(S.D.N.Y. Apr. 13, 2010)). "The Court may also consider whether the entry of default would bring about a harsh or unfair result." *Id.* (internal quotation marks omitted).

## ANALYSIS

Upon review of the relevant factors, the Court finds that good cause exists to vacate the Clerk's entry of default as to HUD under Rule 55(c), and permit HUD to file a late Answer. HUD has represented that the failure to answer or otherwise appear in the action was not willful, but a result of an administrative oversight. (Doc. 61 at 1-2). HUD acted expeditiously upon being served with the order to show cause for a default judgment, filing a response prior to the date by which its opposition papers were due to be filed. (*See* Docs. 58-59; Doc. 61). Plaintiff also has not established the existence of prejudice that would preclude vacatur of the entry of default as to HUD. Indeed, Plaintiff has not opposed Defendant's letter requesting that the Court vacate the entry of default.

Finally, Defendant has advanced a defense that could prove meritorious in opposing Plaintiff's Amended Complaint. "A defense is meritorious if it is good at law so as to give the fact finder some determination to make." *Caleb & Brown Pty. Ltd.*, 2021 WL 4226183, at *4 (citation omitted). HUD contends that it "takes no position on [P]laintiff's priority claim in the subject property and request for a judgment of foreclosure," as its "interest in the subject property . . . extends only to a claim of surplus funds, if applicable, following a foreclosure sale." (Doc. 61 at 2-3). Specifically, the title report filed by Plaintiff, (Doc. 57-14 at 2-5), details that HUD's interest in the Subject Property is in relation to a 2023 mortgage, recorded later in time than the mortgage and note in which Plaintiff claims an interest. (*Compare* Doc. 57-1, Doc. 57-2 (Mortgage between assignor (GMAC Mortgage Corporation) to Plaintiff's predecessor-in-interest (Ocwen Loan Servicing, LLC) and Individual Defendants, recorded October 24, 2001), *with* Doc. 57-14

(Mortgage between HUD and Individual Defendants, recorded April 12, 2023)). Under the circumstances, HUD has demonstrated a meritorious defense in that it claims a legitimate right to post-sale surplus funds. Accordingly, good cause exists to vacate the entry of default as to HUD, and warrants HUD the opportunity to file an Answer, for the sole purpose of preserving its subordinate interest. The Answer shall be filed by October 15, 2025.

Plaintiff's unopposed application for default judgment as to the Individual Defendants and NYSDOTF, however, is granted. The Court declines to sign the Proposed Judgment submitted by Plaintiff. (Doc. 54). Plaintiff's counsel and HUD's counsel are to meet and confer; and submit an agreed upon Judgment of Foreclosure and Sale preserving HUD's interest in surplus funds, if any exist after payments due under Plaintiff's first mortgage.[1]

## CONCLUSION

Plaintiff's motion for a default judgment is, therefore DENIED without prejudice, as to Defendant HUD only. Defendant HUD's response, construed as a cross-motion to vacate the Clerk's entry of default, is GRANTED. Plaintiff's motion for a default judgment as to the Individual Defendants and NYSDOTF is GRANTED.

Defendant HUD shall answer the Amended Complaint no later than **October 15, 2025**. As detailed herein, Defendant HUD may file an Answer solely for the purpose of preserving its subordinate interest in any post-sale surplus funds. Defendant HUD is warned that failure to file an Answer to the Amended Complaint by October 15, 2025 may result in the entry of default

---

[1] The agreed upon Judgment of Foreclosure and Sale shall include the correct amount due and owing on the Note and Mortgage, as stated in the "Affirmation of Indebtedness" of Juliana Thurab (the "Affirmation"). (*See* Doc. 57-9). Specifically, the Affirmation details the total amount owed as $186,389.08, which appears to include a $13.48 credit for the "Borrower's Surplus Funds." (*Id.* at 6-7). However, the Proposed Judgment (Doc. 54) fails to include this credit, identifying $186,402.56 as the total amount due.

judgment against it. The agreed upon Judgment of Foreclosure and Sale shall be submitted on or before October 22, 2025.

The Clerk of Court is respectfully directed to vacate the Certificate of Default as to HUD only (Doc. 52).

SO ORDERED.

Dated: White Plains, New York
       October 8, 2025

_____
Philip M. Halpern
United States District Judge